IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                     ORDER

        v.                               01-cr-110-bbc-1

ANTOINE L. BRANCH,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Antoine L. Branch's supervised release was held on June 17, 2015, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Jeffery M. Anderson.  Defendant was present in person and by counsel, Howard Goldman.  Also present was United States Probation Officer Jelani Brown.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced on March 7, 2002, following his Class A felony conviction for possession with intent to distribute 50 grams or more of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and

841(b)(1)(A)(iii), as charged in count one of the indictment.  He was subjected to criminal forfeiture under 21 U.S.C. § 853 and count two of the indictment and committed to the custody of the Bureau of Prisons to serve a 290-month term of imprisonment, with a five-year term of supervised release to follow.  On April 1, 2003, the term of imprisonment was reduced to 232 months; on January 2, 2009, it was reduced to 168 months; and on November 21, 2011, it was reduced to 144 months.  At each resentencing, the five-year term of supervised release was affirmed..

Defendant began his term of supervised release on September 21, 2012.  On December 13, 2013, his term of supervised release was revoked for leaving the district without permission, associating with a convicted felon, failing to report to the probation officer as instructed, failing to report police contact and testing positive for morphine on five separate occasions.  He was sentenced to a 14-month term of imprisonment to be followed by a three-year term of supervised release.

Defendant began his second term of supervised release on December 4, 2014.  He subsequently violated the mandatory condition of his conditions of supervised release prohibiting him from committing another federal, state or local crime, when he was arrested on April 27, 2015, by the Dane County Sheriff's Department for possession of heroin with intent to deliver.  This alleged conduct has been charged in the Circuit Court for Dane County in pending case no. 15CF862.

2

Defendant violated Standard Condition No. 6 of his conditions of supervised release, requiring him to notify his probation officer within seventy-two hours of any change in residence, when he failed to notify his probation officer of a change in residences.

Defendant violated Standard Condition No. 1, prohibiting him from leaving the judicial district without the permission of the court or probation officer, when, on December 28, 2014, he was cited by an Illinois State Police trooper for driving while his license was revoked and improper lane usage.  He did not have permission to leave the Western District of Wisconsin.

Defendant violated Special Condition No. 4, requiring him to abstain from the use of illegal drugs, when he used drugs following his release from the Bureau of Prisons.  He submitted a urine specimen that tested positive for marijuana on December 4, 2014.  On May 1 and May 6, 2015, he tested positive for opiates.

Defendant violated Standard Condition No. 11, requiring him to notify the probation officer within 72 hours of being arrested or questioned by law enforcement, when, on December 31, 2014, he was cited by a Monona, Wisconsin, police officer for driving while his license was suspended or revoked. On January 19, 2015, he was cited by a Dane County Sheriff's deputy for having an improper license plate. On January 23, 2015, he was cited by a City of Madison police officer for improper registration.  On January 24, 2015, he was cited by a Dane County Sheriff's deputy for driving while his license was revoked. Defendant failed to notify his probation officer of any of these contacts with law enforcement within

3

72 hours after they occurred.

Defendant violated Standard Condition No. 3, requiring him to follow the instructions of the probation officer, when he failed to report to the probation office on May 11, 2015, to submit a urine specimen for testing, in accordance with instructions given him on May 6, 2015.

Defendant's most serious conduct falls into the category of a Grade A violation. Under § 7B1.1(a)(3)(B) of the advisory guidelines, the court has discretion to revoke defendant's supervised release, extend it or modify the conditions of supervision.

CONCLUSIONS

Defendant's criminal history category is VI. With a Grade A violation, he has an advisory guideline range of imprisonment of 51 to 63 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which he can be sentenced upon revocation is 46 months because the original offense of conviction was a Class A felony.

The parties have agreed that sentencing should be postponed. It will be rescheduled for July 22, 2015, at 1:30 p.m. Defendant is to remain in the custody of this U.S. Marshals Service pending sentencing.

ORDER


IT IS ORDERED that sentencing in this case will take place on July 22, 2015 at 1:30

p.m.

Entered this 17th day of June, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge